IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2135-BO

NASHONE L. WIGGINS,          )
                             )
        Petitioner,          )
                             )
    v.                       )                    ORDER
                             )
ROY COOPER,                  )
                             )
        Respondent.          )

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254

cases in the United States District Courts. Also before the court are petitioner's two motions for

appropriate relief (DE 3, 8). The court construes petitioner's motions for appropriate relief[1] as

motions to amend, and GRANTS petitioner leave to amend his petition. See Fed. R. Civ. P. 15(a).

On December 13, 2017, petitioner pleaded guilty to three counts of "schedule II sales" in the

Lenoir Superior Court, and was sentenced to 13-25 months imprisonment. (Pet. p. 1). Absent a valid

excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus

relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, an inmate must fairly present

his claims to the state court. A fair presentation to the state court means that the inmate must give the

state court an opportunity to act on his claims before he presents those claims to a federal court in a

habeas petition. See In re Wright, 826 F.3d 774, 783 (4th Cir. 2016). Petitioner avers in his petition

---

[1] The court notes that motions for appropriate relief generally must be filed in the trial court, and not this
court. See N.C. Gen. Stat. §§ 15A-1414 and 1415.

that he did not appeal his conviction or any other petitions, applications, or motions concerning his judgment of conviction. (Pet. ¶¶ 8,10). Accordingly, it is clear that the state court has not been given a full and fair opportunity to rule on and correct the alleged constitutional errors. Therefore, petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice to allow him the opportunity to fairly present his claims to the state court.[2] See, e.g., Brown v. Commonwealth of Virginia, No. 7:16cv00454, 2016 WL 5719814, at *1 (W.D. Va. Oct. 3, 2016).

The court next determines whether this action should be stayed pending the exhaustion of petitioner's state court remedies. The United States Supreme Court has recognized limited circumstances in which a district court may stay a habeas petition to allow a petitioner the opportunity to exhaust his state court remedies for his claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the court stated:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277. Stay and abeyance should only be used under limited circumstances. Id.

Here, there are no meritorious claims readily apparent in the petition. Moreover, petitioner has not shown good cause as to his failure to exhaust. Based upon the foregoing, the court finds that a stay of the action is not warranted, and the action is DISMISSED without prejudice.

---

[2] Petitioner may re-file his federal habeas petition after he has exhausted his state court remedies. Petitioner is advised, however, that his time to file state and federal habeas petitions is limited. See 28 U.S.C. § 2244(d).

Finally, the court determines whether to issue a certificate of appealability. Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S. Ct. 759, 777 (2017) (citation omitted); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

In summary, the court GRANTS petitioner's motions to amend (DE 3, 8). Petitioner's § 2254 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his state court remedies. Additionally, a certificate of appealability is DENIED.

SO ORDERED, this the _18_ day of September, 2018.

TERRENCE W. BOYLE
United States District Judge

3